UNITED STATES BANKRUPTCY COURT

Southern District of Indiana

In re:
*[Name(s) of Debtor(s)]*

CORINNA LYN FEARNOW

Debtor(s).

Case No. 18 - 07775 -
(xx-xxxxx)

# CHAPTER 13 PLAN

☐ Original

Amended Plan # 1st   (e.g. 1st, 2nd)

**\*\* MUST BE DESIGNATED \*\***

1. **NOTICE TO INTERESTED PARTIES:**

   The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if neither box is checked, or if both boxes are checked, the provision will be ineffective if set out later in the plan.

   **1.1  A limit on the amount of a secured claim, pursuant to paragraph 8.(b), which may result in a partial payment or no payment at all to the secured creditor.**   ☐ Included   ☑ Not Included

   **1.2  Avoidance of a judicial lien or nonpossessory, non-purchase money security interest. Any lien avoidance shall occur by separate motion or proceeding, pursuant to paragraph 12.**   ☐ Included   ☑ Not Included

   **1.3  Nonstandard provisions, set out in paragraph 15.**   ☑ Included   ☐ Not Included

2. **GENERAL PROVISIONS:**

   **(a)  YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Court.

   **(b)  PROOFS OF CLAIM:** You must file a proof of claim to receive distributions under the plan. Absent a Court order determining the amount of the secured claim, the filed proof of claim shall control as to the determination of pre-petition arrearages; secured and priority tax liabilities; other priority claims; and the amount required to satisfy an offer of payment in full. All claims that are secured by a security interest in real estate shall comply with the requirements of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

   **(c)  NOTICES RELATING TO MORTGAGES:** As required by Local Rule B-3002.1-1, all creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1 (b) and (c) without regard to whether the real estate is the Debtor's principal residence. If there is a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the new servicer, the payment address, a contact phone number and a contact e-mail address.

**(d) NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 8(c) (whose rights are not being modified) or in Section 11 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

**(e) EQUAL MONTHLY PAYMENTS:** As to payments required by paragraphs 7 and 8, the Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

**(f) PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

3. **SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

4. **PLAN TERMS:**

   **(a) PAYMENT AND LENGTH OF PLAN:** Debtor shall pay $ 710 monthly to the Trustee, starting not later than 30 days after the order for relief, for 21 months, for a total amount of $ 14,910 .

   Additional payments to Trustee and/or future changes to the periodic amount proposed are:

   > Beginning with the December 2019 payment, Debtor shall pay $ 810.00 per month to the Trustee for 11 months. Beginning with the November 2020 payment, Debtor shall pay $950.00 per month for the remaining 28 months of the Plan. The total amount of all scheduled monthly payments shall be $50,420.00 (or the amount necessary to satisfy all allowed claims, whichever is less). Debtor shall also pay $1,800.00 to the Trustee on or before April 30, 2018, and shall additionally pay 50% of any tax refunds received beginning in 2019 until the end of the Plan, or until the Plan base is reached, whichever is sooner (with the other 50% being applied to reasonable expenses in Debtor's budget as noted on Amended Schedule J). Should Debtor's tax refund payments be insufficient to bring Debtor's total payments to a plan base of $54,700.00, Debtor shall file a Motion to Modify the Plan to increase the payments to reach the $54,700.00 plan base.

   **(b) INCREASED FUNDING:** If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. However, if the Trustee elects to take less than 100% of the property to which the estate may be entitled OR less than the amount necessary to pay all allowed claims in full, then a motion to compromise and settle will be filed, and appropriate notice given.

**(c) CURING DEFAULTS:** If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor(s) will increase the periodic payment amount or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee decreases.  Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement.  Agreements under this section cannot extend the term of the plan more than 6 additional months.

**(d) OTHER PLAN CHANGES:**  Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329.  Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(h), unless otherwise ordered by the Court.

5. **PAYMENT OF ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**

    ☐ NONE

    All allowed administrative claims will be paid in full by the Trustee unless the creditor agrees otherwise:

    | Creditor | Type of Claim | Scheduled Amount |
    |---|---|---|
    | Law Office of Amy Desai | Attorney's Fees | $2,310.00 |

6. **PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:**

    ☑ NONE

    ☑ NONE

7. **PAYMENT OF SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE:**

    ☐ NONE

    As required by Local Rule B-3015-1(c), if there is a pre-petition arrearage claim on a mortgage secured by the Debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee.  Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the Debtor may pay the secured creditor directly.  Before confirmation, the payment to the mortgage lender shall be the regular monthly mortgage payment unless otherwise ordered by the Court or modified pursuant to an agreement with the mortgage lender.  After confirmation, payment shall be as set forth below. Equal Monthly Amount and Estimated Arrears listed below shall be adjusted based on the filed claim and/or notice. <u>Delinquent real estate taxes and homeowners' association or similar dues should be treated under this paragraph.</u>

    | Creditor | Residential Address | Estimated Arrears | Equal Monthly Amount | Select One for Mortgages ONLY: |
    |---|---|---|---|---|
    | Seterus, Inc. | 3405 Melody Lane West Kokomo, IN 46902 | $9,037.79 | $589.17 | ● Trustee pay<br>○ Direct pay |

| Creditor | Residential Address | Estimated Arrears | Equal Monthly Amount | Select One for Mortgages ONLY: |
|---|---|---|---|---|
|  |  |  |  | ○ Trustee pay<br>○ Direct pay |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

8. **PAYMENT OF SECURED CLAIMS OTHER THAN CLAIMS TREATED UNDER PARAGRAPH 7:**

    (a) Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Not Applicable:

    ☑ NONE

    (b) Secured Claims as to Which 11 U.S.C. § 506 Valuation Is Applicable:

    ☑ NONE

    (c) Curing Defaults and/or Maintaining Payments:

    ☑ NONE

    (d) Surrendered/Abandoned Collateral:

    ☑ NONE

9. **SECURED TAX CLAIMS AND 11 U.S.C. § 507 PRIORITY CLAIMS:**

    ☑ NONE

10. **NON-PRIORITY UNSECURED CLAIMS:**

    (a) Separately Classified or Long-term Debts:

    ☑ NONE

    (b) General Unsecured Claims:

    ◉ **Pro rata distribution from any remaining funds; or**
    ○ **Other:** _____

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

    ☑ NONE

12. **AVOIDANCE OF LIENS:**

    ☑ NONE

13. **LIEN RETENTION:** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of a discharge order under 11 U.S.C. §1328.

14. **VESTING OF PROPERTY OF THE ESTATE:** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. §1306.

15. **NONSTANDARD PROVISIONS:**

    ☐ NONE

    Under FRBP 3015(c), nonstandard provisions are required to be set forth below. Any nonstandard provision placed elsewhere in the plan is void. These plan provisions will be effective only if the included box in Paragraph 1.3 of this plan is checked.

    **(a) Application of Payments on Mortgage being cured:**

    Payments disbursed by the Debtors and the trustee on the Debtors' home mortgage shall be applied as follows:

    i. The ongoing postpetition payments on the Debtor's home mortgage will be paid by the Debtors through the Trustee (conduit payment) beginning with the payment due on March 1, 2018. The payments received by Seterus, Inc. (or subsequent mortgage servicer) from the Debtors through the Trustee for ongoing postpetition payments shall be applied and credited to the Debtors' mortgage account as if the account were current and no prepetition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty. Seterus, Inc., shall apply the monthly mortgage payments, if any, paid by the trustee as conduit or by the debtor to the month in which they were made under the plan, whether such payments are immediately applied to the loan or placed into some type of suspense account; Any delay in payment caused by reasonable accounting and distribution practices by the Trustee, including payments collected by the Trustee post-petition but not distributed to Seterus, Inc., until after confirmation, will not constitute a late payment and will be credited without penalty.

    ii. The Debtor will cure the default on the mortgage within a reasonable period of time by making payments on the arrearages through the plan, which payments shall be disbursed by the trustee to Seterus, Inc., (and/or subsequent mortgage servicer). Payments disbursed by the trustee to the mortgage holder or servicer shall be applied and credited to the arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim and authorized by the underlying agreement and applicable nonbankruptcylaw. The amount necessary to cure the default may also include any postpetition arrearages, but only to the extent these amounts are authorized by the underlying agreement and approved by the Court after notice to the Debtors, Debtors' counsel, and the trustee. Upon confirmation of the plan, Seterus, Inc., (and/or subsequent mortgage servicer) shall deem the prepetition arrearages (and postpetition arrearages, if any) as contractually current.

    iii. Seterus, Inc., (and/or subsequent mortgage servicer) shall make adjustments to the ongoing installment payment amount as required by the underlying agreement and applicable nonbankruptcylaw, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provisionin an adjustable rate mortgage. Seterus, Inc., shall timely notify the debtors, debtors' attorney and trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

5

ee, shall provide to the debtors' counsel a notice of any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which Seterus, Inc., contends are (1) allowed by the underlying agreement and applicable nonbankruptcylaw, and (2) recoverable against the debtors or the debtors' property. The notice shall be sent annually, beginning within thirty (30) days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within thirty (30) days of the filing of the trustee's final account under Bankruptcy Rule 5009, and to otherwise comply with 11 U.S.C. § 524(i). The failure of Seterus, Inc., to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year, and Seterus, Inc., shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtors or the Debtors' account during the caseor after entry of the order granting a discharge. Unless the Court orders otherwise, an order granting a discharge in this case shall be a determination that all prepetition and postpetition defaults with respect to the Debtors' mortgage have been cured, and that the debtors' mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

**(b) Finding of Cause for Plan Longer than 36 Months:** Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid under the plan.

**(c) Plan Termination upon Payment of Allowed Claims:** If prior to the expiration of the period set forth in paragraph 3 of this plan all filed claims entitled to payment under this plan are paid in full, this plan shall terminate on that date.

Date: 05/07/2018

*/s/ Corinna L. Fearnow*

Signature of Debtor

Corinna L. Fearnow

Printed Name of Debtor

*/s/ Amy D. Desai*

Counsel for Debtors

Address: 1950 E. Greyhound Pass, Ste. 18-134

City, State, ZIP code: Carmel, IN 46033

Area code and phone: 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

E-mail address: amydesai@amydesailaw.com

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form plan adopted by this Court, other than any nonstandard provisions included in paragraph 15.

6